# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN SHAFAQ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-00299 JLT SKO (HC)<br><br>A-Number: 249-391-357<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 12)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH A BOND HEARING, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner Hassan Shafaq is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 10, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition. (Doc. 12.) The parties filed timely objections. (Doc. 13.) On March 30, 2026, Respondents filed objections. (Doc. 14.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including the parties' objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Specifically,

1

the Court agrees with the magistrate judge that Petitioner's procedural due process rights have been violated and that a bond hearing is the appropriate remedy. However, considering Petitioner's objection that the Court should find his detention violates substantive due process such that immediate release is warranted—an argument that he supports with evidence of his ongoing medical needs—the Court will hold that alternative claim in abeyance and keep this case open pending the outcome of the bond hearing.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 10, 2026, (Doc. 12), are **ADOPTED** in full.

2. The petition for writ of habeas corpus is **GRANTED** in part.

3. Respondents are **ORDERED TO PROVIDE** Petitioner with a bond hearing within 14 days before an IJ where the Government must demonstrate by clear and convincing evidence, in accordance with the requirements of *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011), that Petitioner is not a flight risk or a danger to the community, or in the alternative, release Petitioner on appropriate conditions of supervision.

4. Within seven days of the date of the bond hearing, Petitioner **SHALL** provide the Court with an update on his custody status.

5. The Court will hold the substantive due process claim in abeyance until further notice.

IT IS SO ORDERED.

Dated:  **April 6, 2026**

UNITED STATES DISTRICT JUDGE

2